UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUKHMAN SINGH,<br>Petitioner,<br>v.<br>WARDEN GOLDEN STATE ANNEX, et al.,<br>Respondents. | No. 1:26-cv-08969-DC-CSK (HC)<br><br>ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. Nos. 1, 2) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.)

Noncitizens present without admission who are apprehended in the interior of the United States are subject to discretionary detention under 8 U.S.C. § 1226, not mandatory detention under § 1225(b)(2)(A). *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. July 30, 2026). Further, this court has previously addressed the legal issues raised by the petition. (Doc. No. 1.) Specifically, this court has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 818 F. Supp. 3d

1141 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 815 F. Supp. 3d 1113 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, 2026 WL 309563 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim).

On November 2, 2026, the court issued an order informing the parties that it was considering ruling directly on the petition and asking both parties whether they oppose simultaneous resolution of the motion for temporary restraining order and habeas petition. (Doc. No. 4.) The court also directed Respondents to address whether there are any factual or legal issues in this case that materially distinguish it from this court's prior orders in *Selis Tinoco*, *Labrador-Prato*, and *D.L.C.* (*Id.*)

On November 4, 2026, Respondents filed their opposition to Petitioner's motion for temporary restraining order in which they do not distinguish this court's decision in *D.L.C.*, where this court found that "noncitizens paroled into the United States under § 1182(d)(5) have a liberty interest in their continued release and are entitled to certain due process protections" including a pre-deprivation bond hearing. *D.L.C.*, 2026 WL 2551 at *4. Rather, Respondents contend that because Petitioner entered the country and was processed for expedited removal, he is subject to mandatory detention under § 1225(b). (Doc. No. 9 at 2.) In support of their contention, Respondents rely on the Supreme Court's decision in *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 107 (2020). (Doc. No. 6 at 6–7) (emphasizing that under "under longstanding precedent [*Thuraissigiam*], noncitizens who are not admitted into the United States have 'only those rights regarding admission that Congress has provided by statute,' and 'the Due Process Clause provides nothing more'"). However, the Ninth Circuit recently issued its decision in *Padilla v. U.S. Immigration & Customs Enforcement*, --- F.4th ---, No. 24-2801, 2026 WL 2822044 (9th Cir. Sept. 21, 2026), and distinguished *Thuraissigiam*, explaining that the petitioner's due process claim in *Thuraissigiam* concerned *admission* to the country, not

*detention*. The court in *Padilla* explained that "except for the extremely narrow category of people covered by the entry fiction, every person in the United States is entitled to the Fifth Amendment's guarantee of due process, regardless of their citizenship or legal status." *Padilla*, 2026 WL 2822044, at *15. The court in *Padilla* clarified that the entry fiction doctrine applies in "an admission, not a detention, case." *Id.* at *19. The court in *Padilla* further explained that "for that reason, as well as because" the class of plaintiffs in *Padilla* were not all subject to the entry fiction doctrine, that doctrine "has no application here, the government's fervent pleas for its vast expansion notwithstanding." *Id.* The court went to great lengths to clarify that "[a]dmission and detention occupy fundamentally different positions in our legal order," and that while the executive branch enjoys "plenary power over admission, the principle that the government cannot arbitrarily detain people, including noncitizens, has been a central tenet of British and American legal traditions since the thirteenth century." *Id.* at *16. Indeed, numerous courts in the Ninth Circuit have interpreted *Padilla* as applying only to due process protections relating to admissibility, not detention. *See e.g., Marquez v. Warden, Desert View Facility*, No. 5:26-cv-05368-MBK, 2026 WL 2948874, at *4 (C.D. Cal. Oct. 1, 2026) (emphasizing that in *Padilla* the Ninth Circuit acknowledged "the government cannot arbitrarily detain people, including noncitizens . . . and discuss[ed] the history of protections against arbitrary detention applied to noncitizens") (citation modified); *Kleber Vasquez v. Hernandez*, No. 2:26-cv-02873-TMC, 2026 WL 2936770, at *2 (W.D. Wash. Sep. 30, 2026) (addressing noncitizen who was detained after expiration of her § 1182(d)(5) parole following *Padilla*, and explaining that "while [the petitioner's] legal status regarding admission reverted to that of an arriving noncitizen once her parole expired, the Due Process clause continued to require constitutionally adequate procedures surrounding her detention"). Thus, contrary to Respondents' contention, the limitation on Petitioner's due process rights relate to his *admissibility*, not his *detention*. Because Petitioner challenges the lawfulness of his present detention, not his admissibility, neither *Thuraissigiam* nor *Padilla* affect this court's analysis regarding the due process protections necessary to detain Petitioner.

Respondents do not oppose this court ruling on the merits of Petitioner's habeas petition

simultaneous with his motion for a temporary restraining order in their opposition. (Doc. No. 6 at 1.) On November 5, 2026, Petitioner filed a reply in which he states he likewise does not oppose the court ruling directly on the petition. (Doc. No. 7.)

Because Respondents have not identified any factual or legal issues in this case that would materially distinguish it from the court's aforementioned prior decisions, the court will grant Petitioner's motion for temporary restraining order (Doc. No. 2) and petition for writ of habeas corpus (Doc. No. 1) for the reasons set forth in the court's order in *Altin*. Further, as the court found in *Altin*, the proper remedy for Respondents' failure to provide Petitioner with a constitutionally compliant pre-deprivation bond hearing is Petitioner's immediate release. *Id.* at 12–13.

Accordingly,

1. The petition for a writ of habeas corpus (Doc. No. 1) and motion for a temporary restraining order (Doc. No. 2) are GRANTED as follows:
    a. Petitioner Sukhman Singh (A-241-088-138) shall be released immediately from Respondents' custody with the same conditions he was subject to immediately prior to his detention on October 24, 2026. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;
    b. Respondents shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon his release from custody;
    c. Within three (3) days from the date of entry of this order, Respondents shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;
    d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond

must be considered; and

e. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

2. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

3. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 6, 2026**

Dena Coggins
United States District Judge